IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGELO MASSIE<br>  a/k/a AK<br>RAHEEM BUCHANAN<br>LAMONT BUTLER<br>  a/k/a Choo<br>MARK WATSON<br>  a/k/a Wook<br>RUSSELL JOHNSON<br>  a/k/a Lou<br>THOMAS GRACE<br>  a/k/a TG<br>JASON GREEN<br>  a/k/a Facer<br>JERMAINE THOMPSON<br>  a/k/a Maine | Criminal No. 16-181<br>**[UNDER SEAL]**<br><br>FILED<br><br>JUN - 6 2017<br><br>CLERK U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Amy L. Johnston, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a six-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute one (1) kilogram or more of a mixture and substance containing a | 21 U.S.C. § 846 | ALL DEFENDANTS |

| | | | |
|---|---|---|---|
| | detectable amount of heroin, a Schedule I controlled substance. From in and around November 2015, and continuing thereafter to in and around September 2016. | | |
| 2 | Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. On or about September 1, 2016. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | WATSON |
| 3 | Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. On or about September 1, 2016. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i) | BUTLER |
| 4 | Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. On or about September 1, 2016. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | BUTLER |
| 5 | Possession of a firearm and ammunition in furtherance of a drug trafficking crime. On or about September 1, 2016. | 18 U.S.C. § 924(c)(1)(A)(i) | BUTLER |
| 6 | Possession of a firearm by a convicted felon. On or about September 1, 2016. | 18 U.S.C. § 922(g)(1) | BUTLER |

## II. ELEMENTS OF THE OFFENSES

A.   As to Count 1:

In order for the crime of conspiracy to distribute and possess with intent to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I.

5. That the amount of heroin attributable to the defendant as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him was one (1) kilogram or more.  21 U.S.C. § 841(b)(1)(A)(i).  (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

B.   As to Counts 2 and 4:

In order for the crime of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Superseding Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II.

C.   As to Count 3:

In order for the crime of possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), to be

4

**established, the government must prove all of the following essential elements beyond a reasonable doubt:**

    1.    That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Superseding Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

    3.    That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

    4.    That the mixture or substance containing a detectable amount of heroin was 100 grams or more.  21 U.S.C. § 841(b)(1)(B)(i).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

**D.**    **As to Count 5:**

**In order for the crime of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:**

    1.    That the defendant committed the drug trafficking crime as charged in Counts Three and/or Four of the Superseding Indictment; and

    2.    That the defendant knowingly possessed a firearm in furtherance of the drug trafficking crimes. If you find the defendant possessed the firearm, you must consider

whether the possession was in furtherance of the drug trafficking crimes.

Third Circuit Model Criminal Jury Instructions 6.18.924A and 6.18.924B.

E. **As to Count 6:**

**In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:**

1. That the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2. That after this conviction, the defendant knowingly possessed the firearm described in Count Six of the Superseding Indictment; and

3. That the defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G.

### III. PENALTIES

A. **As to Count 1: Conspiracy to distribute and possess with intent to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance (21 U.S.C. § 846):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $10,000,000.

3. A term of supervised release of at least five (5) years.

For a second felony drug conviction that is final, whether federal, state, or foreign:

6

       1.     A term of imprisonment of not less than twenty (20) years to a maximum of life.

       2.     A fine not to exceed $20,000,000.

       3.     A term of supervised release of at least ten (10) years.

For a third or subsequent felony drug conviction that is final, whether federal, state, or foreign:

       1.     A mandatory sentence of life imprisonment.

       2.     A fine not to exceed $20,000,000.

**B.     As to Counts 2 and 4:  Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

       1.     A term of imprisonment of not more than twenty (20) years.

       2.     A fine not to exceed $1,000,000.

       3.     A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

       1.     A term of imprisonment of not more than thirty (30) years.

       2.     A fine not to exceed $2,000,000.

       3.     A term of supervised release of at least six (6) years.

C.  **As to Count 3: Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i)):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

D.  **As to Count 5: Possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)):**

1. A term of imprisonment of not less than five (5) years , nor more than life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the drug trafficking crime (18 U.S.C. § 924(c)(1)).

> United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001); United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

        2.        A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

        3.        A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

        **E.**        **As to Count 6: Possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):**

        1.        A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

        2.        A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

        3.        A term of supervised release of not more than three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Superseding Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

_____
AMY L. JOHNSTON
Assistant U.S. Attorney
PA ID No. 201137