**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 16-181 |
| ) | Judge Nora Barry Fischer |
| JASON GREEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On June 14, 2017, Defendant Jason Green was ordered detained pending trial of the charge of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846, after U.S. Magistrate Judge Cynthia Reed Eddy found that he had failed to rebut the applicable presumption of detention in this matter. (Docket No. 118). Presently before the Court is Defendant's "Motion for Reconsideration and Renewed Detention Hearing," filed on August 22, 2017, wherein Defendant seeks a renewed detention hearing pursuant to 18 U.S.C. § 3142(f) in light of "new evidence" which he claims demonstrates that a prior criminal case in the Court of Common Pleas of Allegheny County listed on the pretrial bond report resulted in an acquittal of all charges. (Docket No. 166). The Government opposes Defendant's Motion, arguing that additional documents it obtained from the Court of Common Pleas show that Defendant was convicted of one of the charges at issue and otherwise contending that the detention proceedings should remain closed. (Docket No. 170). After careful consideration of the parties' positions, and for the following reasons, Defendant's Motion [166] is DENIED.

At the outset, Defendant cites the general standard on reconsideration in support of his request for a renewed detention hearing. (Docket No. 166). However, as he is seeking to reopen the

1

detention hearing which was closed on June 14, 2017, this matter is controlled by 18 U.S.C. § 3142(f)(2). The relevant portion of the statute provides that:

> [t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and **that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community**.

18 U.S.C. § 314(f)(2) (emphasis added). Evidence is deemed "material" if it was not available at the time of the initial hearing and its addition to the record would warrant a different outcome of the detention proceedings. *See e.g., United States v. Warren*, 2010 WL 1904772 (W.D. Pa. May 11, 2010) (Conti, J.); *United States v. Costanzo*, 2009 WL 2058725 (W.D. Pa. Jul. 15, 2009) (McVerry, J.).

It is this Court's opinion that the addition of the evidence submitted by the parties as part of the present motions practice regarding Defendant's criminal case at CP 2846-2004 is not material on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance or of the safety of any other person or the community in this case. *See id.* Again, pursuant to 18 U.S.C. § 3142(e)(3), a rebuttable presumption has been established that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Having reviewed the evidence presented by the parties during the detention hearing, *de novo*, this Court finds that Defendant has failed to rebut the applicable presumption of detention in this matter even if he is correct that he was acquitted of all of the charges at CP 2846-2004 – a factual dispute which the Court need not resolve at this time. *See United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (to rebut the presumption

"[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community."). The Court also concludes that Magistrate Judge Eddy's detention order is otherwise fully supported by the clear and convincing evidence in the record. *See United States v. Gibson*, 481 F. Supp. 2d 419 (W.D. Pa. 2007) (quoting 18 U.S.C. § 3142(f)) ("If the presumption is rebutted, the facts employed to support detention must 'be supported by clear and convincing evidence.'").

In reaching these decisions, the Court has conducted an independent examination of the record evidence and balanced the four factors set forth under 18 U.S.C. § 3142(g), i.e.,

    a.    The nature and circumstances of the offenses charged;

    b.    The weight of the evidence against the person;

    c.    The history and characteristics of the person; and,

    d.    The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This Court finds that, on balance, the evidence presented at the detention hearing, as supplemented before this Court, favors the Government on each of these cited factors and demonstrates by clear and convincing evidence that detention was appropriately ordered. *See Gibson*, 481 F. Supp. 2d 419.

First, the grand jury indicted Defendant for a very serious offense, i.e., conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, a conviction for which may result in the imposition of a mandatory minimum sentence of 10 years and up to life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. Hence, there is probable cause that he committed such offense. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) ("an indictment is a sufficient substitute for a preliminary hearing to establish probable cause."). As such,

3

this factor weighs against Defendant.

Second, the evidence presented by the Government at the detention hearing, including the testimony of Special Agent Karen Springmeyer and supporting exhibits, appears to be strong as Defendant was observed by law enforcement approaching a residence which was used to stash heroin and his communications with a coconspirator were intercepted and indicate that he was involved in heroin trafficking at the time. *See United States v. Maynard*, 586 F. App'x 56, 59 (3d Cir. 2015) (evidence of drug sales constitute strong evidence of his knowing participation in the conspiracy). As Agent Springmeyer explained, a large quantity of heroin was seized from this location upon the execution of a search warrant and additional heroin was seized at other locations frequented by coconspirators. (Docket No. 161 at 12- 17, 31). She also emphasized that the Government's evidence against Defendant was not limited to that which was presented at the detention hearing. (*Id.* at 31). Overall, while recognizing that Defendant is presumed innocent of the charged offense, the weight of the evidence presented by the Government to this point favors pretrial detention.

Third, with respect to Defendant's history and characteristics, he did not make much of a showing that he can return to a stable, law-abiding life, if released. *See Carbone*, 793 F.2d at 560. He has a limited work record, earning only $500 per month since 2015 in a t-shirt business where he works 20 hours per week. *See Bond Report*; Docket No. 161 at 35. He has five children, one of whom supposedly lived with him, but was not making any support payments, for reasons not fully explained in the record. (*Id.*). Defendant's living situation is not stable, based upon the testimony of Special Agent Springmeyer, as law enforcement had observed him at other locations where he apparently resided at times and he was not at the reported address when he was arrested. (Docket No. 161 at 24-25). It appears that Defendant's parents were willing to have him live at their

4

residence while under court supervision. *See Bond Report*. However, the mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case. *See United States v. Bratcher*, Crim. No. 14–28, 2014 WL 1371582 (W.D.Pa. Apr. 8, 2014) (Conti, C.J.).

While Defendant has not missed court appearances on prior cases, the most troubling aspect of his history and characteristics is his (five or six) prior drug offenses and his commission of numerous offenses while under court supervision. *See Bond Report*. In this regard, it appears to the Court that Defendant has been on some form of court supervision since he posted bond in Case No. CP4714-2008 on July 27, 2007 yet he has continued to commit crimes over the ensuing nine years, despite such conditions, all of which he admitted during his cross-examination at the hearing. (Docket No. 161 at 39-40). Indeed, Defendant was on probation at Case No. CP 2408-2012 at the time that he allegedly participated in the charged conspiracy in this case, i.e., from November 2015 through September 2016. Overall, this factor also weighs in favor of the Government.

The evidence as to the fourth and final factor likewise favors pretrial detention in this case. *See* 18 U.S.C. § 3142(g)(4). As this Court has held previously:

> Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like heroin. *See United States v. Gibson*, 481 F. Supp. 2d 419, 423 (W.D. Pa. 2007) ("violence is not the only danger to the community this court must consider. The court must also consider the danger of trafficking in illicit drugs."); *see United States v. Yarbough*, No. 2:14–CR–270–11, 2014 WL 7343839, at *4 (W.D. Pa. Dec.23, 2014) (McVerry, J.) ("heroin trafficking represents a substantial danger to the community."). "Schedule I drugs, such as heroin, have 'a high potential for abuse,' 'no currently accepted medical use in treatment in the

> United States,' and 'a lack of accepted safety' even 'under medical supervision.'" *Burrage v. United States*, ––– U.S. –––, –––, 134 S.Ct. 881, 887, 187 L.Ed.2d 715 (2014) (quoting 21 U.S.C. § 812(b)(1)). Additionally, the Centers for Disease Control and Prevention have cautioned that the number of heroin-related overdose deaths has quadrupled in the past decade (between 2002 and 2013) and that such statistics demonstrate that heroin abuse has become an epidemic problem at the federal, state and local levels. *See Ctr's for Disease Control & Prevention, "Today's Heroin Epidemic: More people at risk, multiple drugs abused,"* (July 2015), available at: http://www.cdc.gov/vitalsigns/pdf/2015–07–vitalsigns.pdf (last visited 8/18/15).

*United States v. Atkins*, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015). The Court understands that the number of overdose deaths have continued to rise in the period subsequent to this study. Therefore, this factor weighs convincingly in favor of the Government.

For all of these reasons, Defendant's Motion [166] is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: September 7, 2017

cc/ecf: All Counsel of Record
       Jason Green c/o David DeFazio, Esq.
       Pretrial Services/Probation Office
       U.S. Marshal